IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| A.C. FURNITURE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARBY'S RESTAURANT GROUP, INC., <br><br> Defendant. | Civil Action File No. 4:14-cv-00029 <br><br> (Removed from the Circuit Court of the State of Virginia, County of Pittsylvania, CL 14000175-00) |

## NOTICE OF REMOVAL OF DEFENDANT ARBY'S RESTAURANT GROUP, INC.

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Arby's Restaurant Group, Inc. ("Arby's") hereby removes this action from the Circuit Court of the State of Virginia, Pittsylvania County, Case No. 14000175-00 ("State Court Action"), to the United States District Court for the Western District of Virginia because complete diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interests and costs. As grounds for this removal, Arby's respectfully shows the Court as follows:

### I. BACKGROUND

1. Plaintiff commenced this lawsuit in the Circuit Court of the State of Virginia, Pittsylvania County on April 17, 2014. Arby's received notice of the complaint in a letter sent to its outside counsel, Edward P. Bonapfel of Alston & Bird LLP. The cover letter was dated May 15, 2014 and received on or about May 19, 2014. A copy of Plaintiff's initial pleading was enclosed with the letter.

2. Pursuant to 28 U.S.C. § 1446(b), Arby's files this Notice of Removal within thirty (30) days of its receipt of the Complaint in the State Court Action.

3. Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of all process, pleadings, and orders served in the State Court Action to date are attached to this Notice of Removal as Exhibit A.

4. Pursuant to 28 U.S.C. § 1446(d), Defendant has filed its Notice of Removal with this Court, is serving a copy of this Notice upon the counsel of record, and will promptly file a copy of this Notice in the Circuit Court of the State of Virginia, Pittsylvania County.

5. In this case, Plaintiff claims that it entered into a contract with Arby's for the sale of 6,653 chairs for use in Arby's restaurants. (Compl. ¶ 7.)

6. Plaintiff now asserts claims for breach of contract under several contractual theories.

## II. DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. §§ 1332(a) & 1441(a)

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because, as supported below, there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs. Defendant may, therefore, properly remove this action to this Court pursuant to 28 U.S.C. § 1441(a).

### A. The Citizenship of Plaintiff and Defendant is Diverse.

8. According to the allegations in the Complaint, the named Plaintiff is a Virginia corporation with its principal place of business in Axton, Virginia. (Compl. ¶ 1.)

9. Defendant Arby's is a corporation organized under the laws of Delaware with its principal place of business in the state of Georgia. (Compl. ¶ 2.) Arby's is not a Virginia Citizen and Arby's does not have a principal place of business in Virginia.

10. Accordingly, the controversy between Plaintiff and Defendant is between citizens of different states, and therefore, complete diversity exists as to Plaintiff and Defendant.

**B. The Amount in Controversy Exceeds $75,000.**

11. Plaintiff is seeking $292,732.00 in damages based on the alleged breach of contract, along with storage costs from the date of the alleged breach. (Compl. ¶ 36.)

12. Plaintiff also seeks an unspecified amount in costs and fees, including attorney's fees. (Compl. ¶ 36(d).)

13. Hence, the amount in controversy exceeds the requisite $75,000 set forth in 28 U.S.C. § 1332 for diversity jurisdiction.

**III. CONCLUSION**

14. This case is properly removable under 28 U.S.C. §§ 1332, 1441, & 1446 because complete diversity of citizenship exists between Plaintiff and Defendant and because the amount in controversy exceeds $75,000, and Arby's hereby removes CL 14000175-00 from the Circuit Court of the State of Virginia, County of Pittsylvania and respectfully requests that this Court assume full jurisdiction over this action as required by law.

Respectfully submitted this 9th day of June, 2014.

ARBY'S RESTAURANT GROUP, INC.

By: /s/Philip G. Gardner

Philip G. Gardner
VA State Bar No.12951
GARDNER, BARROW, SHARPE & PEARSON, P.C.
231 E. Church Street, 4th Floor
Martinsville, VA 24112
Telephone: 276-638-2455
Fax: 276-638-2458
Email: phil@ggbslawfirm.com
Attorney for Arby's Restaurant Group, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| A.C. FURNITURE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARBY'S RESTAURANT GROUP, INC., <br><br> Defendant. | Civil Action File No. _____ <br><br> (Removed from the Circuit Court of the State of Virginia, County of Pittsylvania, CL 14000175-00) |

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing NOTICE OF REMOVAL OF DEFENDANT ARBY'S RESTAURANT GROUP, INC. with the Clerk of this Court via the CM/ECF System, which will automatically send notification of such filing to the following:

Michael A. Cole, Esq.<br>
WOODS ROGERS PLC<br>
341 Main Street, Suite 302<br>
Danville, VA 24541<br>
mcole@woodsrogers.com<br>
Counsel for Plaintiff

This 9th day of June, 2014.

By: /s/Philip G. Gardner

Philip G. Gardner (VA State Bar No.12951)
GARDNER, BARROW, SHARPE & PEARSON, P.C.
231 E. Church Street, 4th Floor
Martinsville, VA 24112
Telephone: 276-638-2455
Fax: 276-638-2458
Email: phil@ggbslawfirm.com
Attorney for Arby's Restaurant Group, Inc.

`LEGAL02/34871897v1